JUDGE SWAIN

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004,

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street
New York, NY 10004,

         Plaintiffs,

    v.

FEDERAL BUREAU OF INVESTIGATION,
170 Marcel Drive
Winchester, VA 22602

UNITED STATES DEPARTMENT OF
JUSTICE,
1425 New York Avenue, N.W.
Washington, D.C. 20530

         Defendant.

11 CIV 6398

No. _____



SEP 14 2011
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT FOR INJUNCTIVE RELIEF

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, for injunctive and other appropriate relief, seeking the immediate processing and release

of records requested by Plaintiffs American Civil Liberties Union and American Civil Liberties

Union Foundation (collectively "ACLU") from Defendants Federal Bureau of Investigation

("FBI") and the United States Department of Justice ("DOJ").  Although Plaintiffs submitted

their request six months ago, Defendants have failed to process the request either "promptly" (as

required by FOIA for all requests, *id.* § 552(a)(3)(A)(ii)) or in an "expedited" fashion (as

required by FOIA for certain requests, *id.* § 552(a)(6)).

2.      On March 15, 2011, Plaintiffs submitted a FOIA request ("the Request") to the FBI and the Office of Information Policy ("OIP") – a component of the DOJ – pertaining to the issuance of national security letters ("NSLs") under 18 U.S.C. §§ 2709 and 3511 (collectively, the "NSL statute"). The FBI uses NSLs to obtain sensitive information from wire and electronic communication service providers. In certain contexts, the NSL statute permits the FBI to impose non-disclosure orders on the recipients of NSLs.

3.      Plaintiffs sought expedited processing of the Request. The OIP granted that request on March 28, 2011; the FBI did the same on June 29, 2011.

4.      Plaintiffs also sought a waiver or limitation of search, review, and duplication fees. Neither Defendant has granted Plaintiffs' request for a waiver of fees.

5.      Six months have elapsed since the ACLU filed the Request. Neither Defendant has released any responsive records.

6.      The failure of the government to process and release responsive records is of particular concern because the records relate to a highly controversial surveillance authority the wisdom, effectiveness, and scope of which are a matter of intense and ongoing public debate. The records sought would greatly contribute to the public's understanding of the FBI's use of NSLs and to the processes that the FBI has put in place to ensure that that use complies with the Constitution.

7.      Plaintiffs seek an injunction requiring Defendants to process the Request immediately. Plaintiffs also seek an order enjoining the Defendants from assessing fees for the processing of the Request.

**Jurisdiction and Venue**

8.     This Court has both subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

9.     Plaintiff American Civil Liberties Union is a nationwide, non-profit, nonpartisan organization with more than 500,000 members dedicated to the constitutional principles of liberty and equality. The ACLU is committed to ensuring that the American government complies with the Constitution and laws, including its international legal obligations, in matters that affect civil liberties and human rights. The ACLU is also committed to principles of transparency and accountability in government, and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights.

10.     Plaintiff American Civil Liberties Union Foundation is a separate § 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

11.     Defendant FBI is a component of the DOJ. It is headquartered in Washington, D.C. and has field offices throughout the country, including in New York, NY.

12.     Defendant DOJ is a Department of the Executive Branch of the U.S. government and an agency within the meaning of 5 U.S.C. § 552(f)(1). The DOJ is headquartered in Washington, D.C.

## Factual Background

13.     In December 2008, the United States Court of Appeals for the Second Circuit construed the NSL statute (1) to permit a nondisclosure requirement only when senior FBI officials certify that disclosure may result in an enumerated harm that is related to "an authorized investigation to protect against international terrorism or clandestine intelligence activities"; (2) to place on the government the burden to show that a good reason exists to expect that disclosure of receipt of an NSL will risk an enumerated harm; and (3) to require the government, in attempting to satisfy that burden, to adequately demonstrate that disclosure in a particular case may result in an enumerated harm. *Doe v. Mukasey*, 549 F.3d 861, 883 (2d Cir. 2008).

14.     The court also invalidated the subsection of the NSL statute that directs the courts to treat as conclusive executive officials' certifications that disclosure of information may endanger the national security of the United States or interfere with diplomatic relations. *Id.*

15.     In addition, the court ruled that the NSL statute is unconstitutional to the extent that it imposes a non-disclosure requirement on NSL recipients without placing on the government the burden of initiating judicial review of that requirement. *Id.*

16.     The court held that this deficiency could be addressed without additional legislation if the FBI adopted a "reciprocal notice" policy. *See id. at* 883-84.

17.     The records requested relate to the FBI's use of NSLs and the processes that the FBI has put in place to ensure that that use conforms to the constitutional requirements discussed in *Doe*.

18.     These records are urgently needed because the DOJ's Inspector General has reported that the NSL statute has been abused,[1] because there is an ongoing debate about the

---

[1] A Review of the Federal Bureau of Investigation's Use of Exigent Letters and Other Informal Requests for Telephone Records (January 2010), *available at* http://www.justice.gov/oig/special/s1001r.pdf.

appropriate scope of the government's surveillance authorities,[2] because Congress recently approved the extension of certain related surveillance provisions,[3] and because proposed legislation would add a new sunset date of December 31, 2013 for the NSL provisions.[4]

FOIA Request

19.   On March 15, 2011, Plaintiffs submitted their Request for the release of records concerning the issuance of NSLs, including:

    a.   "Any records discussing the 'reciprocal notice' procedure described in the Second Circuit's above-referenced decision, how or whether that procedure should be implemented, what procedure should or will be adopted in its place, whether the procedures used within the Second Circuit should be, or are, different from those used elsewhere, or the statutory or other authority that the FBI should or will invoke in order to commence judicial proceedings to enforce non-disclosure orders.

    b.   "Any records advising FBI personnel how to implement the NSL statute, including any records advising FBI personnel of the circumstances in which non-disclosure orders may be imposed, the circumstances in which the FBI should or will seek judicial review of non-disclosure orders, or the circumstances in which the FBI should or will lift non-disclosures after they have been imposed.

    c.   "Any forms used by the FBI in issuing NSLs under the NSL statute, advising NSL recipients of their right to contest non-disclosure orders, and informing NSL recipients that wish to contest non-disclosure orders that the FBI intends to seek judicial review.

    d.   Any records indicating how many NSLs the FBI has issued, how many different electronic communications service providers those NSLs were served on, how many Americans' information was sought by each of those NSLs, how many of

---

[2] *See, e.g., Congress Delays Debate on Patriot Act and Privacy*, Boston Globe, Feb. 17, 2011; Charlie Savage, *As Online Communications Stymie Wiretaps, Lawmakers Debate Solutions*, N.Y. Times, Feb. 17, 2011; Ellen Nakashima, *Dispute Brewing on Web Data Access: Critics Decry Obama Plan to Aid FBI Probes*, Boston Globe, Aug. 1, 2010; Pete Yost, *FBI's Push to Clarify Electronic Authority Raises Privacy Concerns*, Wash. Post, Aug. 2, 2010; Ellen Nakashima, *Group Challenging Enhanced Surveillance Law Faces Uphill Climb*, Wash. Post, Apr. 19, 2010; David Kravets, *Lawmakers Cave to FBI in Patriot Act Debate*, Wired, Oct. 1, 2009; James Risen & Eric Lichtblau, *Email Surveillance Renews Concerns in Congress*, N.Y. Times, June 16, 2009; Editorial, *Breaking a Promise on Surveillance*, July 29, 2010; Editorial, *When it Comes to Terror, We Can't Tell You*, N.Y. Times, Apr. 3, 2010; Editorial, *Spying, Civil Liberties, and the Courts*, N.Y. Times, Apr. 15, 2010.
[3] *See, e.g.,* Paul Kane and Felicia Somnez, *Congress Approves Extension of USA Patriot Act Provisions*, Wash. Post, May 26, 2011.
[4] USA Patriot Act Sunset Extension Act of 2011, S. 193, 112th Cong. (2011).

those NSLs were accompanied by non-disclosure orders, how many times NSL recipients advised the FBI of their intent to contest non-disclosure orders, how many times the FBI sought judicial review of non-disclosure orders, how many times judges upheld non-disclosure orders that had been challenged, and how many times the FBI lifted non-disclosure orders after they had been imposed."

20.    With respect to each of these categories of records, the Request sought only those records drafted, finalized or issued after December 15, 2008. It made clear that "[w]e do *not* ask you to disclose the nature of the information that the FBI sought with any particular NSL, which specific individuals or entities received NSLs, or which specific NSLs were accompanied by non-disclosure orders."

21.    Plaintiffs sought expedited processing of the Request on the grounds that there is a "compelling need" for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity. *See* 5 U.S.C. § 552(a)(6)(E); *see also* 28 C.F.R. § 16.5(d).

22.    Plaintiffs sought a waiver of search, review, and reproduction fees on the grounds that disclosure of the requested records is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 28 C.F.R. § 16.11.(k)(1).

23.    Plaintiffs also sought a waiver of search, review and duplication fees on the grounds that the ACLU qualifies as a "representative of the news media" and that the records are not sought for commercial use. *See* 5 U.S.C. § 552(a)(4)(A)(ii); *see also* 28 C.F.R. § 16.11.

24.    The Request was submitted to the designated FOIA office of the FBI as well as the DOJ's OIP.

The Government's Response to the Request

25.     In spite of the urgent national interest surrounding the requested records, the government has neither released responsive records nor explained its failure to do so.

26.     By letter dated March 25, 2011, the OIP acknowledged receipt of the Request.  It denied Plaintiffs' application for expedited processing pursuant to the DOJ's standard permitting expedition for requests involving "[a]n urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information," stating that the request "for expedited processing under this standard should be denied because the primary activity of your organization does not appear to be information dissemination" – notwithstanding that a primary activity of the Plaintiffs is dissemination of information to the public, and that the United States has repeatedly recognized that fact by granting Plaintiffs' requests for expedited treatment and fee waivers.  The letter also stated that Plaintiffs' request for expedited processing pursuant to the DOJ's standard permitting expedition for requests involving "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence" remained pending with the DOJ Office of Public Affairs.  Finally, the letter stated that the OIP had not yet made a decision on Plaintiffs' request for a fee waiver.

27.     By letter dated March 28, 2011, the OIP advised that it had granted Plaintiffs' request for expedited processing pursuant to the DOJ's standard permitting expedition for requests involving "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."  The letter also stated that records searches were being initiated in the Offices of the Attorney General, Deputy Attorney General, and Legal Policy.

28.     By letter dated March 29, 2011, the FBI acknowledged receipt of the Request, indicated that it was searching the indices to its Central Records System for the information requested, and stated that the request for a fee waiver was being considered.

29.     By letter dated June 21, 2011, the FBI advised that it was searching for, retrieving, scanning, and evaluating files that may be responsive to the Request.

30.     By letter dated June 29, 2011, the FBI granted Plaintiffs' application for expedited processing.

### Causes of Action

31.     Defendants' failure to make a reasonable effort to search for records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

32.     Defendants' failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(6)(A), and Defendants' corresponding regulations.

33.     Defendants' failure to process Plaintiffs' Request as soon as practicable violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

34.     Defendants' failure to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and Defendants' corresponding regulations.

35.     Defendants' failure to grant Plaintiffs' request for a limitation of fees violates FOIA, 5 U.S.C. § 552(a)(4), (a)(6), and Defendants' corresponding  regulations.

### Requested Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

A.  Order Defendants to immediately process all records responsive to the Request;

B. Enjoin Defendants from charging Plaintiffs search, review, or duplication fees for the

   processing of the Request;

C. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

                              Respectfully submitted,

                              *Hddd*

                              Charles S. Sims (CS-0624)
                              Richard I. Haddad (RH-7270)
                              Proskauer Rose LLP
                              11 Times Square
                              New York, NY 10036
                              Phone: (212) 969-3000
                              Fax: (212) 969-2900
                              csims@proskauer.com
                              rhaddad@proskauer.com

                              Alexander Abdo (AA-0527)
                              Jameel Jaffer (JJ-4653)
                              American Civil Liberties Union Foundation
                              125 Broad Street, 18th Floor
                              New York, NY 10004
                              Phone: (212) 549-2517
                              Fax: (212) 549-2654
                              aabdo@aclu.org
                              jjaffer@aclu.org

                              *Counsel for the plaintiffs*

Dated: September 13, 2011