PREET BHARARA
United States Attorney for the
Southern District of New York
By: BRIAN K. MORGAN
    JEFFREY S. OESTREICHER
Assistant United States Attorneys
86 Chambers Street -- 3rd Floor
New York, New York 10007
Telephone: (212) 637-2699/2698
Facsimile: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

AMERICAN CIVIL LIBERTIES UNION;
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

              Plaintiffs,      ECF Case

       v.      11 Civ. 6398 (LTS)

FEDERAL BUREAU OF INVESTIGATION,      ANSWER
UNITED STATES DEPARTMENT OF JUSTICE,

              Defendants.

------------------------------------------------------------x

        Defendants the Federal Bureau of Investigation ("FBI") and the United States Department of Justice ("DOJ") (collectively, "defendants"), by their attorney, Preet Bharara, United States Attorney for the Southern District of New York, answer plaintiffs' complaint as follows:

        1.     The first sentence of Paragraph 1 constitutes plaintiffs' characterization of this action, to which no response is required. Defendants deny the allegations in the second sentence of Paragraph 1, except admit that Plaintiffs submitted a FOIA request on March 15, 2011.

        2.     Admit that Plaintiffs submitted a FOIA request on March 15, 2011, and

respectfully refer the Court to Plaintiffs FOIA request and 18 U.S.C. §§ 2709 and 3511 for a true and accurate statement of their contents. Deny the second sentence of Paragraph 2, and aver that the FBI uses NSLs consistent with 18 U.S.C. §§ 2709 and 3511.

3. Admit the allegations in Paragraph 3.

4. Admit the allegations in Paragraph 4.

5. Admit the allegation in Paragraph 5.

6. Deny the allegations in Paragraph 6.

7. Paragraph 7 constitutes Plaintiffs' characterization of the relief they seek, to which no response is required.

8. Paragraph 8 constitutes legal conclusions regarding jurisdiction and venue, to which no response is required.

9. Deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10. Deny knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11. Admit the allegations in paragraph 11.

12. Admit the allegations in paragraph 12.

13. Paragraph 13 constitutes legal conclusions to which no response is required. Defendants respectfully refer the Court to *Doe v. Mukasey*, 549 F.3d 861 (2d Cir. 2008) for a true and accurate statement of its contents.

14. Paragraph 14 constitutes legal conclusions to which no response is required. Defendants respectfully refer the Court to *Doe v. Mukasey*, 549 F.3d 861 (2d Cir.

2008) for a true and accurate statement of its contents.

15. Paragraph 15 constitutes legal conclusions to which no response is required. Defendants respectfully refer the Court to *Doe v. Mukasey*, 549 F.3d 861 (2d Cir. 2008) for a true and accurate statement of its contents.

16. Paragraph 16 constitutes legal conclusions to which no response is required. Defendants respectfully refer the Court to *Doe v. Mukasey*, 549 F.3d 861 (2d Cir. 2008) for a true and accurate statement of its contents.

17. Paragraph 17 constitutes Plaintiffs' characterization of its FOIA request, to which no response is required. Defendants respectfully refer the Court to Plaintiffs' FOIA request for a true and accurate statement of its contents.

18. Deny the allegations in Paragraph 18, except respectfully refer the Court to the materials cited in footnotes 1-4 for a true and accurate statement of their contents.

19. Admit the allegations in Paragraph 19, except respectfully refer the Court to Plaintiffs' FOIA request for a true and accurate statement of its contents.

20. Admit the allegations in Paragraph 20, except respectfully refer the Court to Plaintiffs' FOIA request for a true and accurate statement of its contents.

21. Admit the allegations in Paragraph 21 as to what Plaintiffs sought, except respectfully refer the Court to the FOIA request for a true and accurate statement of its contents, and deny that there is a compelling need for the information requested. The citations to legal authority are conclusions of law that do not require a response.

22. Admit the allegations in Paragraph 22 as to what Plaintiffs sought, except respectfully refer the Court to the FOIA request for a true and accurate statement of its contents.

The citations to legal authority are conclusions of law that do not require a response.

23. Admit the allegations in Paragraph 23 as to what Plaintiffs sought, except respectfully refer the Court to the FOIA request for a true and accurate statement of its contents. The citations to legal authority are conclusions of law that do not require a response.

24. Admit the allegations in Paragraph 24.

25. Deny the allegations in Paragraph 25, except admit that defendants have not released records in response to Plaintiffs' FOIA request.

26. Deny the allegations in Paragraph 26, except admit that OIP acknowledged receipt of the request by letter dated March 25, 2011, and respectfully refer the Court to that letter for a true and accurate statement of its contents.

27. Admit that OIP granted Plaintiffs' request for expedited processing by letter dated March 28, 2011, and respectfully refer the Court to that letter for a true and accurate statement of its contents.

28. Admit that FBI acknowledged receipt of the request by letter dated March 29, 2011, and respectfully refer the Court to that letter for a true and accurate statement of its contents.

29. Admit that FBI sent Plaintiffs a letter dated June 21, 2011, and respectfully refer the Court to that letter for a true and accurate statement of its contents.

30. Admit the allegations in Paragraph 30.

31. Deny the allegations in Paragraph 31.

32. Deny the allegations in Paragraph 32.

33. Deny the allegations in Paragraph 33.

34. Deny the allegations in Paragraph 34.

35. Deny the allegations in Paragraph 35.

36. The remainder of the Complaint constitutes plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, defendants deny that plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

37. The court lacks subject matter jurisdiction over the complaint in whole or in part because plaintiffs failed to exhaust administrative remedies.

### SECOND DEFENSE

38. The complaint should be dismissed in whole or in part for failure to state a claim upon which relief could be granted.

### THIRD DEFENSE

39. The complaint should be dismissed to the extent that a search for responsive agency records would significantly interfere with the operation of the defendants' automated systems. See 5 U.S.C. § 552(a)(3)(C).

### FOURTH DEFENSE

40. Defendants have exercised due diligence in processing plaintiffs' FOIA request and exceptional circumstances exist that necessitate additional time for the defendants to complete their processing of the FOIA Request. See 5 U.S.C. § 552(a)(6)(C).

### FIFTH DEFENSE

41. Some or all of the requested documents are exempt from disclosure. See 5

U.S.C. § 552(b).

## SIXTH DEFENSE

42. The Court lacks subject matter jurisdiction over plaintiffs' requests for relief that exceed the relief authorized by statute under FOIA, 5 U.S.C. § 552.

WHEREFORE, defendants demand judgment dismissing the Complaint and granting such further relief as this Court deems just, including costs and disbursements.

Dated: New York, New York
      October 17, 2011

                      PREET BHARARA
                      United States Attorney for the
                      Southern District of New York

By: _____
      BRIAN K. MORGAN
      JEFFREY S. OESTERICHER
      Assistant United States Attorneys
      Telephone: (212) 637-2699/2698
      Facsimile: (212) 637-2717
      E-mail: Brian.Morgan@usdoj.gov
               Jeffrey.Oestericher@usdoj.gov